RATTET PLLC
*Proposed Attorneys for the Debtor*
202 Mamaroneck Avenue, Suite 300
White Plains, New York 10601
(914) 381-7400
Robert L. Rattet, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
In re:

EAST HUDSON LEVEL FLOORING SYSTEMS, INC.,  Chapter 11
Case No. 19-22812(RDD)

Debtor.
------------------------------------------------------------------X

## DECLARATION OF MARGARET DEFEO PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2

MARGARET DEFEO, declares and states the following:

1. I am the Chief Executive Officer, Secretary and a 33.33% shareholder of East Hudson Level Flooring Systems, Inc. (the "Debtor"). I have served as Chief Executive Officer/Secretary of the Debtor since it incorporated in New York State on April 1, 2013 and as such, I am familiar with the Debtor's operations, businesses and financial affairs.

2. I submit this affidavit pursuant to Rule 1007-2 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules") and in support of the Debtor's motions and application to be filed substantially simultaneous with this affidavit (the "First Day Motions").

3. Part I of this Affidavit describes the Debtor's business, equity structure and circumstances leading to the commencement of this chapter 11 case. Part II provides information required by Local Bankruptcy Rule 1007-2. Part III provides relevant facts in

support of the Debtor's First Day Motions.

## PART I

## BACKGROUND

4. The Debtor was formed in 2013 as a specialty subcontractor specializing in installation of flooring in commercial spaces, generally using concrete and/or wood product in the installation and levelling process.

5. The Debtor operates from its main office located at 7 Central Park Avenue, Yonkers, New York, which offices are owned by New York Self Leveling Inc., an affiliate of the Debtor.

6. The Debtor's other 2 officers and shareholders are Michael Falzarano, Vice-President and Michael Carpentieri, President.

7. The Debtor has enjoyed revenues exceeding $3,000,000 per year consistently since its inception and has in the past operated profitably.

8. Unfortunately, the debtor experienced a series of crippling losses directly attributable to its main concrete supplier, Daro Metro NYC Inc. ("Daro"), having supplied significant amount of product on multiple jobs which materials were defective and/or negligently manufactured, with such materials having been delivered either untested, misrepresented as being of up to standard quality, substandard quality and/or defective in all respects, causing the Debtor to have to replace the concrete material and cover over $1,000,000 in replacement costs.

9. Not only did the Debtor sustain such direct damages, the Debtor's business, reputation and good will were irreparably harmed over the past 12 months as a direct result.

10. Compounding the Debtor's problems, Daro filed improper mechanics' liens against many of the Debtor's currently active jobs, effectively, freezing over $800,000 in accounts receivable and spiraling the Debtor into insolvency and an inability to pay its ongoing materialmen and suppliers, ordinary expenses, overhead and current liabilities, respectively.

11. The Debtor was forced to suspend its operations in February, 2019.

12. The Debtor therefore holds significant claims against Daro and intends to prosecute them swiftly.

13. The Debtor filed for protection to preserve its remaining assets while it attempts to recover damages from Daro and otherwise marshal its assets for the benefit of its creditors.

14. Due to the irreparable harm and damage caused by Daro to the Debtor's reputation, it is unlikely that the Debtor can continue in business. Moreover, the Debtor's receivables are substantially tied up by the improper mechanics' liens filed by Daro and the resulting inability to pay the materialmen and suppliers owed monies on the respective jobs. The Debtor therefore currently has insufficient working capital to complete ongoing or future jobs already booked and likely need collection and/or litigation efforts to collect its receivables which exceed $1,300,000 in the aggregate.

15. The Debtor intends to use the Chapter 11 process to efficiently marshal its assets in order to maximize the return to all creditors.

## PART II

### INFORMATION REQUIRED BY LOCAL BANKRUTPCY RULE 1007

16. In addition to the foregoing, Local Bankruptcy Rule 1007-2 requires certain information related to the Debtor, which is set forth below.

3

**Local Rule 1007-2(a)(1)**

17.     The Debtor is a specialty floor leveling subcontractor. The Debtor filed for Chapter 11 as a result of damages sustained due to the defective product supplied by Daro and the resulting cash flow problem arising from, inter alia, Daro having filed improper mechanics' liens against the Debtor's jobs in progress.

**Local Rule 1007-2(a)(2)**

18.     This case was not originally commenced under Chapter 7 or 13 of Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (the "Bankruptcy Code").

**Local Rule 1007-2(a)(3)**

19.     Upon information and belief, no committee was organized prior to the order for relief in this Chapter 11 case.

**Local Rule 1007-2(a)(4)**

20.     A consolidated list of the names and addresses of the Debtor's 20 largest unsecured claims, excluding "insiders" as that term is defined in § 101(31) of Bankruptcy Code is annexed hereto as **Schedule I**.

**Local Rule 1007-2(a)(5)**

21.     A list of the names and addresses of the five largest secured creditors is annexed hereto as **Schedule II**.

**Local Rule 1007-2(a)(6)**

22.     A summary of the Debtor's assets and liabilities is annexed as **Schedule III**.

**Local Rule 1007-2(a)(7)**

23.     There are no publicly held securities of the Debtor.

**Local Rule 1007-2(a)(8)**

24. None of the Debtor's property is in the possession of any custodian, public officer, mortgagee, pledge, assignee of rents, or secured creditor, or any agent for such entity.

**Local Rule 1007-2(a)(9)**

25. The Debtor operates from 7 Central Park Avenue, Yonkers, New York pursuant to a month-to-month lease arrangement with its affiliate, New York Self Leveling Inc.

**Local Rule 1007-2(a)(10)**

26. The Debtor's substantial assets, as well as books and records are located at 7 Central Park Avenue, Yonkers, New York.

**Local Rule 1007-2(a)(11)**

27. The following actions are pending against the Debtor:

(a) *Feldman Lumber v. East Hudson Level Flooring Systems, Inc. Et Al*, Supreme Court Kings County, Index No. 500293/2019; and

(b) *Laticrete Int'l, Inc. v. Level Pro Industries Corp., Et Al.*, Supreme Court, Westchester County, Index No. 53749/2018.

**Local Rule 1007-2(a)(12)**

28. The Debtor's current senior management consists of Margaret DeFeo, CEO, and Michael Falzarano, Vice-President.

**Local Rule 1007-2(b)(1)**

29. The estimated payroll to employees (exclusive of officers and directors) for the thirty (30) day period following the filing of the chapter 11 petition is $0.

**Local Rule 1007-2(b)(2)**

30.     The estimated amount to be paid for services to its officers and directors for the thirty (30) day period following the filing of the Chapter 11 petition is $0.

**Local Rule 1007-2(b)(3)**

31.     The estimated schedule of cash receipts and disbursements for the thirty (30) day period following the filing of the Chapter 11 petition, net cash gain or loss, obligations and receivables expected to accrue but remaining unpaid, other than professional fees is annexed as **Schedule IV**.

## PART III
## FIRST DAY MOTIONS AND APPLICATION
## FOR HEARING ON SHORTENED NOTICE

32.     Shortly after this Chapter 11 filing, the Debtor expects to file a number of motions and applications, including:

- Debtor's Motion for Order Seeking Authority (I) to Use Cash Collateral Pursuant to Bankruptcy Code Section 363(C)(2) and (II) Granting Adequate Protection Therefor (the "Cash Collateral Motion").

33.     The relief sought in the Cash Collateral Motion is immediately necessary to enable the Debtor to administer its Chapter 11 case effectively as a debtor-in possession following the commencement of its chapter 11 case.

34.     I submit that the relief request in the Cash Collateral Motion should be heard and determined on an expedited basis in order to allow the Debtor to provide adequate protection to its secured creditors and form the basis of a marshaling and creditor distribution program to be implemented through a Chapter 11 liquidating plan.

35. With respect to the Debtor's Cash Collateral Motion, without immediate relief from the Court authorizing the Debtor's use of cash collateral of its secured creditors, the Debtor's would be unable to have access to any cash, thereby leaving the Debtor with insufficient capital to pay even its minimal ongoing administrative expenses and jeopardizing its reorganization efforts.

36. Thus, I believe that good cause exists to have a hearing on the Cash Collateral Motion which typically requires a minimum of fourteen (14) days' notice as provided for in Federal Rule of Bankruptcy Procedure 4001(b)(2).

37. I have reviewed the Cash Collateral Motion and proposed order and the facts set forth there in are true and correct to the best of my knowledge, information and belief.

## CONCLUSION

I request that the Court grant all of the relief requested in the First Day Motion and Applications. Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct.

Dated: Yonkers, New York
      April 16, 2019

                                        */s/ Margaret DeFeo*
                                        Margaret DeFeo, CEO

## Schedule I

## List of Debtor's 20 Largest Unsecured Creditors

**SEE ATTACHED**

Fill in this information to identify the case:

| | |
|---|---|
| Debtor name | East Hudson Level Flooring Systems Inc. |
| United States Bankruptcy Court for the: | SOUTHERN DISTRICT OF NEW YORK |
| Case number (if known): | |

☐ Check if this is an amended filing

## Official Form 204
### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders
12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| ACF Distribution, Inc.<br>125 Carolyn Boulevard<br>Farmingdale, NY 11735 | | | | | | $96,067.30 |
| Cement & Concrete Wkrs Distr Counc Fringe Bene. Funds<br>35-30 Francis Lewis Blvd #201<br>Flushing, NY 11358 | | | | | | $40,397.64 |
| Chase Card Services<br>Cardmember Service<br>P.O. Box 15153<br>Wilmington, DE 19886-5153 | | | | | | $23,111.47 |
| eMerchant Advance LLC<br>1393 Veterans Memorial Hwy Suite 202S<br>Hauppauge, NY 11788 | | "Future Accounts" | Unliquidated Disputed | $256,632.00 | $0.00 | $256,632.00 |
| Extech Building Materials<br>4387 Vernon Boulevard<br>Long Island City, NY 11101 | | | | | | $144,087.38 |
| Feldman Lumber<br>1281 Metropolitan Avenue<br>Brooklyn, NY 11237 | | | Unliquidated | | | $58,351.57 |

Debtor **East Hudson Level Flooring Systems Inc.**
Name

Case number *(if known)*

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim — If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| FF Supply LLC DBA Zenith Insured Credit 445 Park Avenue, 9th Floor New York, NY 10022 | | All assets | Unliquidated Disputed | $1,251,742.66 | $0.00 | $1,251,742.66 |
| Fine, Ciliberti and DiPietro, Ltd. 520 Bedford Road Pleasantville, NY 10570 | | | | | | $29,525.00 |
| GC Warehouse Building Supply 515 S 4th Avenue Mount Vernon, NY 10550 | | | | | | $32,671.44 |
| Laborers Local 6A, 18A, 20 c/o Cement & Concrete Dist Csl 35-30 Francis Lewis Blvd Flushing, NY 11358 | | | | | | $55,585.10 |
| Laticrete International, Inc. I Laticrete Park North Bethany, CT 06524-3423 | | | | | | $62,717.22 |
| Margaret DeFeo | | Loans to Company | | | | $53,102.30 |
| Mason Concrete & Cement Workers Local 780 100 Merrick Rd Suite 500 Rockville Centre, NY 11570 | | | | | | $26,941.92 |
| Miller, Zeiderman & Wiederkehr LLP 140 Grand St Ste 503 White Plains, NY 10601 | | | | | | $62,717.22 |
| Penetron Specialty Products c/o Zukowski Law, PC 45 Research Way, Ste 203 East Setauket, NY 11733 | | | Disputed | | | $47,862.80 |

Debtor  **East Hudson Level Flooring Systems Inc.**                                Case number *(if known)*
         Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Plasterers Local 262 100 Merrick Rd, Suite 500W Rockville Centre, NY 11570 | | | | | | $62,760.82 |
| Reinforcing Supply 350 Morgan Avenue Brooklyn, NY 11211 | | | | | | $199,656.45 |
| Rinaldo Falzarano 4 Fenimore Rd Yonkers, NY 10710 | | loan to company | | | | $190,000.00 |
| Small Business Financial Solutions, LLC 4500 East West Hwy, 6th Floor Bethesda, MD 20814 | | "Future Accounts" | Unliquidated Disputed | $112,615.39 | $0.00 | $112,615.39 |
| Teamsters Local 282 2500 Marcus Avenue Attn: Ross Pollack New Hyde Park, NY 11042 | | | | | | $80,735.04 |

## Schedule II

## List of Debtor's 5 Largest Secured Creditors

SEE ATTACHED

| Fill in this information to identify the case: |
|---|
| Debtor name  **East Hudson Level Flooring Systems Inc.** |
| United States Bankruptcy Court for the:  SOUTHERN DISTRICT OF NEW YORK |
| Case number (if known) |

☐ Check if this is an amended filing

Official Form 206D
## Schedule D: Creditors Who Have Claims Secured by Property       12/15

Be as complete and accurate as possible.

1. Do any creditors have claims secured by debtor's property?

   ☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

   ■ Yes. Fill in all of the information below.

**Part 1:    List Creditors Who Have Secured Claims**

2. List in alphabetical order all creditors who have secured claims. If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | Column A<br>Amount of claim<br>Do not deduct the value of collateral. | Column B<br>Value of collateral that supports this claim |
|---|---|---|---|
| **2.1  eMerchant Advance LLC**<br>Creditor's Name<br>**1393 Veterans Memorial Hwy**<br>**Suite 202S**<br>**Hauppauge, NY 11788**<br>Creditor's mailing address<br><br>Creditor's email address, if known<br><br>Date debt was incurred<br><br>Last 4 digits of account number<br>**1055**<br>Do multiple creditors have an interest in the same property?<br>■ No<br>☐ Yes. Specify each creditor, including this creditor and its relative priority. | Describe debtor's property that is subject to a lien<br>**"Future Accounts"**<br><br>Describe the lien<br>**UCC Lien**<br>Is the creditor an insider or related party?<br>■ No<br>☐ Yes<br>Is anyone else liable on this claim?<br>■ No<br>☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)<br><br>As of the petition filing date, the claim is:<br>Check all that apply<br>☐ Contingent<br>■ Unliquidated<br>■ Disputed | $256,632.00 | $0.00 |
| **2.2  FF Supply LLC**<br>Creditor's Name<br>**DBA Zenith Insured Credit**<br>**445 Park Avenue, 9th Floor**<br>**New York, NY 10022**<br>Creditor's mailing address<br><br>Creditor's email address, if known<br><br>Date debt was incurred<br><br>Last 4 digits of account number<br>**Assignee of Dara Metro NYC Inc** | Describe debtor's property that is subject to a lien<br>**All assets**<br><br>Describe the lien<br>**UCC Lien**<br>Is the creditor an insider or related party?<br>■ No<br>☐ Yes<br>Is anyone else liable on this claim?<br>■ No<br>☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H) | $1,251,742.66 | $0.00 |

Official Form 206D          Schedule D: Creditors Who Have Claims Secured by Property          page 1 of 3
Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

Debtor **East Hudson Level Flooring Systems Inc.**    Case number (if know) _____
     Name

Do multiple creditors have an interest in the same property?
- ■ No
- ☐ Yes. Specify each creditor, including this creditor and its relative priority.

As of the petition filing date, the claim is:
Check all that apply
- ☐ Contingent
- ■ Unliquidated
- ■ Disputed

---

| 2.3 | **Small Business** | Describe debtor's property that is subject to a lien | $112,615.39 | $0.00 |

Creditor's Name
**Financial Solutions, LLC
4500 East West Hwy, 6th Floor
Bethesda, MD 20814**
Creditor's mailing address

"Future Accounts"

Describe the lien
**UCC Lien**

Is the creditor an insider or related party?
- ■ No
- ☐ Yes

Creditor's email address, if known

Is anyone else liable on this claim?
- ■ No
- ☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H)

Date debt was incurred

Last 4 digits of account number
**0100**

Do multiple creditors have an interest in the same property?
- ■ No
- ☐ Yes. Specify each creditor, including this creditor and its relative priority.

As of the petition filing date, the claim is:
Check all that apply
- ☐ Contingent
- ■ Unliquidated
- ■ Disputed

---

| 2.4 | **Webster Bank NA** | Describe debtor's property that is subject to a lien | $280,000.00 | $280,000.00 |

Creditor's Name
**200 Executive Blvd.
SO-200
Southington, CT 06489**
Creditor's mailing address

All Asssets

Describe the lien
**UCC Lien**

Is the creditor an insider or related party?
- ■ No
- ☐ Yes

Creditor's email address, if known

Is anyone else liable on this claim?
- ☐ No
- ■ Yes. Fill out Schedule H: Codebtors (Official Form 206H)

Date debt was incurred

Last 4 digits of account number
**0973**

Do multiple creditors have an interest in the same property?
- ■ No
- ☐ Yes. Specify each creditor, including this creditor and its relative priority.

As of the petition filing date, the claim is:
Check all that apply
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

---

3. Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.    $1,900,990.05

**Part 2:** List Others to Be Notified for a Debt Already Listed in Part 1

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

## Schedule III

## Debtor's Balance Sheet as of 2/28/19

**ASSETS:**

| | |
|---|---|
| Cash/Deposits on Account | $0 |
| Accounts Receivable | $1,339,150.16 |
| FF&E | $1,000 |
| Equipment | $20,000 |
| Claim Against Daro Metro NYC | Unknown |
| TOTAL: | $1,360,150.16 |

**LIABILITIES:**

| | |
|---|---|
| Secured Debt – Loan Payables | $649,248.05 |
| Disputed Secured Debt- Daro Metro NYC | $1,251,742.66 |
| Accounts Payable | $1,038,273.73 |
| TOTAL: | $2,939,268.78 |

## Schedule IV

### 30 Day Budget

**INCOME:**

A/R Collections                $50,000

**EXPENSES:**

| | |
|---|---|
| Rent and Related Charges | $1,665 |
| Phone | $400 |
| Utilities | $3,200 |
| US Trustee Fees (pro rated) | $216.66 |
| Insurance | $2,000 |